# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11 CR 104

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| VINCE EDWARD RAY. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on February 22, 2012. It appearing to the court at the call of this matter on for hearing the defendant was present with his attorney, Carol Ann Bauer and the government was present and represented through Assistant United States Attorney David Thorneloe. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On December 6, 2011 a bill of indictment was issued charging the defendant with five counts of knowingly and intentionally possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). In count six, defendant was charged with possessing a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On February 22, 2012, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the defendant to count five, that being

knowingly and intentionally possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). At the end of the Rule 11 proceeding, the court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on February 22, 2012 in violation of 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney David Thorneloe as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Thorneloe advised the court that such a recommendation would not be made in this matter. Due to the

plea of guilty the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. It would thus appear, and the court is of the opinion that the court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which requires the detention of defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: February 23, 2012

Dennis L. Howell
United States Magistrate Judge